## REED *v.* HUBBARD.

In order to bring papers, used on the trial below, before the supreme court, as a part of the record, they should be incorporated into the bill of exceptions, or plainly identified thereby.

ERROR, *to Scott District Court.*

*R. P. Lowe,* for the plaintiff in error.

*E. Cook,* for the defendant.

*Opinion by* GREENE, J. This case comes before us on defendant's motion to strike from the record the bill of exceptions, because it refers to certain papers which are not copied therein, and without which no question is raised for this court.

The bill of exceptions refers to certain papers, in the following manner: "the plaintiff then exhibited his bill of particulars, marked A, (here insert the same.") And again it refers to a "contract marked B," without setting forth the

bill of particulars, and the contract, or in any way identifying them.     In order to make these papers a part of the record, they should have been incorporated in the bill of exceptions; or, at least, so identified therein that they could not be mistaken.     As it is, we have nothing before us by which the papers referred to can be properly identified.     The practice appears to be well settled, that in all cases where a written instrument is referred to, as connected with the action of the court, to which exception is taken, it should be contained in the bill of exceptions.     See Morris, 364, 439, 443; 3 Scam., 185, 260; 4 ib., 34, 420.

The motion, to strike from the record the bill of exceptions in this case, is granted.